# EXHIBIT F

Filed 11/23/2016 8:07:57 AM
Sherry Griffis
District Clerk
Harrison County, Texas

Angie Hayes
Deputy

16-1296

CAUSE NO. _____

| | | |
|---|---|---|
| JESSICA VESTAL | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| v. | § | HARRISON COUNTY, TEXAS |
| | § | |
| ORGILL TRANSPORTATION CO., LLC | § | |
| ORGILL, INC. AND CHARLES JOHNSON | § | |
| *Defendants* | § | 71st JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jessica Vestal, hereinafter called Plaintiff, complaining of Orgill Transportation Co., LLC, Orgill, Inc. and Charles Johnson, hereinafter called Defendants, and for cause of action would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN

I.

Discovery in this cause of action is intended to be conducted under Level 2 of Rule 190.3, Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

II.

Venue is appropriate in Harrison County pursuant to Chapter 15, Texas Civil Practices and Remedies Code, in that this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

Jurisdiction is appropriate in this Court in that this is a lawsuit seeking damages in excess of the minimum jurisdictional limits of the district courts of the State of Texas.

---

## PARTIES AND SERVICE

### III.

Plaintiff Jessica Vestal resides in Kilgore, Texas. The last three digits of the driver's license number of Plaintiff are 965. The last three digits of the social security number of Plaintiff are 879.

Defendant Charles Johnson resides at 2024 Mobile Ave, Jackson, Mississippi 39213 and may be served with process at this address.

Defendant Orgill Transportation Co., LLC is a domestic entity doing business in Texas and may be served with process through its registered agent, C T CORPORATION SYSTEM at 1999 Bryan St., Ste. 900, Dallas, Texas 75201 by certified mail, return receipt requested issued by the Harrison County District Clerk.

Defendant Orgill, Inc. is a foreign corporation doing business in Texas and may be served with process through its registered agent, C T CORPORATION SYSTEM at 1999 Bryan St., Ste. 900, Dallas, Texas 75201 by certified mail, return receipt requested issued by the Harrison County District Clerk.

## FACTS

### IV.

At approximately 7:50 p.m. on December 15, 2014, Plaintiff was in a 2009 Nissan Xterra on the improved shoulder of Interstate Highway 20 in Harrison County, Texas facing westbound. Defendant Charles Johnson was operating a tractor-trailer owned by Defendants Orgill Transportation Co., LLC and Orgill, Inc. in the course and scope of his employment with Defendants Orgill Transportation Co., LLC and Orgill, Inc. westbound on Interstate Highway 20

behind Plaintiff. Suddenly and without warning, Charles Johnson failed to control the speed of the truck and struck the rear of Plaintiff's vehicle, subjecting Plaintiff to tremendous force.

## NEGLIGENCE

### V.

Defendant Charles Johnson was negligent in various acts and omissions, which negligence was the proximate cause of the occurrence in question which includes, but is not limited to, the following:

1.     Violating Section 545.062 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads, in pertinent part, as follows:

> (a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

2.     Failing to keep a proper lookout;
3.     Failing to timely apply his brakes;
4.     Failing to control the vehicle;
5.     Failing to act and/or respond in a reasonable manner;
6.     Failing to control the speed of the vehicle; and
7.     Failing to maintain a single lane of travel.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

### VI.

At the time and on the occasion in question, and immediately prior thereto, Defendants Orgill Transportation Co., LLC and Orgill, Inc. committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries to and the damages of Plaintiff.

Defendants Orgill Transportation Co., LLC and Orgill, Inc.'s independent acts of negligence include, but are not limited to, the following:

1.  Entrusting the subject truck to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject truck was unlicensed, incompetent, and/or reckless;

2.  Hiring an unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unlicensed, incompetent and/or reckless; and

3.  Failing to properly train Defendant Charles Johnson.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

## NEGLIGENT ENTRUSTMENT

### VII.

At the time and on the occasion in question, and immediately prior thereto, Defendants Orgill Transportation Co., LLC and Orgill, Inc. were guilty of negligent entrustment and knew or should have known that Defendant Anthony Paul Dugi was a negligent and reckless driver.

## NEGLIGENT UNDERTAKING

### VIII.

Defendants or their agents undertook, either gratuitously or for their own benefit, obligations to train, supervise, direct, instruct, and/or control the performance of workers and/or the operation of equipment or vehicles. Defendants knew or should have known that such training, supervision, direction, instruction, control, and/or operation was necessary for Plaintiff's protection. Defendants failed to exercise reasonable care in performing those obligations. Plaintiff or a third party relied on Defendants' performance, and Defendants' performance increased Plaintiff's risk of harm.

### RESPONDEAT SUPERIOR

#### IX.

Defendants Orgill Transportation Co., LLC and Orgill, Inc. are liable for the damages proximately caused to Plaintiff by the conduct of Defendant Charles Johnson in that Defendants Orgill Transportation Co., LLC and Orgill, Inc. were the employers of Defendant Charles Johnson on the date that Defendant Charles Johnson negligently injured Plaintiff, as alleged above, and Defendant Charles Johnson was acting within the course and scope of that employment when that injury occurred or Defendants Orgill Transportation Co., LLC and Orgill, Inc. had the right to control the activities of Defendant Charles Johnson.

### DAMAGES FOR PLAINTIFF

#### X.

As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff was caused to suffer and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has incurred the following damages:

A.  Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident;

B.  Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

C.  Physical pain and suffering in the past;

D.  Physical pain and suffering which, in reasonable probability, will be in the future;

E.  Mental anguish in the past;

F.      Mental anguish which, in reasonable probability, will be suffered in the future;

G.     Physical impairment in the past;

H.     Physical impairment which, in reasonable probability, will be suffered in the future;

I.      Loss of earnings in the past; and

J.      Loss of earning capacity which, in reasonable probability, will be incurred in the future.

By reason of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought. In accordance with Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief of over $1,000,000.00.

## PROPERTY DAMAGE

### XI.

Plaintiff has also suffered damages to her 2009 Nissan Xterra as a result of this accident and Defendants' negligence and Plaintiff should be reimbursed for those damages as well as for the loss of use of her motor vehicle, along with any other property damage sustained in the accident.

## REQUEST FOR DISCLOSURE

### XII.

Pursuant to and in accordance with *Rule 194* of the *Texas Rules of Civil Procedure*, you are requested to disclose, within fifty (50) days of service hereof, the information or material described in Rule 194.2(a) – (l).

PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court;  together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

GOUDARZI & YOUNG, L.L.P.
P.O. Drawer 910
Gilmer, Texas 75644
Telephone:  (903) 843-2544
Facsimile:  (903) 843-2026

By: _____
Brent Goudarzi
State Bar No. 00798218
Marty Young
State Bar No. 24010502

goudarziyoung@goudarzi-young.com
ATTORNEYS FOR PLAINTIFF

Filed 12/19/2016 3:04:55 PM
Sherry Griffis
District Clerk
Harrison County, Texas

**Angie Hayes**

Deputy

CAUSE NUMBER: 16-1296

| | | |
|---|---|---|
| JESSICA VESTAL, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRISON COUNTY, TEXAS |
| | § | |
| ORGILL TRANSPORTATION CO., | § | |
| LLC, ORGILL, INC., and CHARLES | § | |
| JOHNSON, | § | |
| | § | |
| Defendants. | § | 71ST JUDICIAL DISTRICT |

# DEFENDANTS, ORGILL TRANSPORTATION CO., LLC AND ORGILL, INC.'S, ORIGINAL ANSWER

Defendants, Orgill Transportation Co., LLC and Orgill, Inc., file their Original Answer to the Plaintiff's pleadings, and respectfully would show the Court as follows:

# I.
# GENERAL DENIAL

1.     Defendants generally deny each and every, all and singular, of the material allegations of the Plaintiff's live petition and demand strict proof thereof by a preponderance of the credible evidence as is their right under Rule 92 of the Texas Rules of Civil Procedure and the Constitution of the State of Texas.

# II.
# DEFENSES

2.     Pleading further, and in the alternative, if such is necessary, and subject to the foregoing pleas and without waiving same, at all times material to Plaintiff's allegations, Defendants' conduct conformed to the applicable standard of care.

3.     Pleading further, and in the alternative, if such is necessary, Defendants allege that Plaintiff, Jessica Vestal, was guilty of certain acts and/or omissions of negligence, which solely caused, alternatively, were a proximate cause of, the motor vehicle accident at issue in this suit, and the Plaintiff's claimed injuries, and damages, if any. Such negligent acts and/or omissions include, but are not necessarily limited to, stopping her vehicle such that it was partially occupying the outside lane of travel on a dark area of a highway and failing to turn on her lights.

4.     Pleading further, and in the alternative, if such is necessary, Defendants assert that the Plaintiff's alleged injuries and damages, if any, were not proximately caused by an act or omission of Defendants. Therefore, Defendants assert that the Plaintiff's claims are barred because Defendants' conduct was not the producing cause, proximate cause, or a cause-in-fact of Plaintiff's alleged damages.

5.     Pleading further, and in the alternative, if such is necessary, Defendants deny that the Plaintiff sustained the injuries she claims resulted from the accident at issue in this suit. In that regard, it is alleged that the injuries and conditions of which the Plaintiff complains and for which she seek damages existed either before the accident which forms the basis of this suit, and/or were caused by prior and/or subsequent unrelated occurrences, conditions, and/or pre-existing, and/or subsequently occurring conditions and/or injuries.

6.     Pleading further, and in the alternative, if such is necessary, Defendants alleges that immediately before the accident that forms the basis of this suit, Defendant, Charles Johnson, was faced with a sudden and unexpected emergency that was not the result of his negligence. In the face of such an emergency, Defendant, Charles Johnson, acted as would have reasonably prudent person under the same of similar circumstances

in attempting to avoid the emergency.  As a result, Defendants alleges that they is not responsible for the accident at issue in this suit and are not liable to Plaintiff for her claimed injuries and damages, based upon the inferential rebuttal defense of sudden emergency.

7.      For further pleading, and in the alternative only, Defendants allege that the occurrence, which forms the basis of this suit, was the result of an unavoidable accident.

8.      Pleading further, and in the alternative, if such is necessary, and subject to the foregoing pleas and without waiving same, this action is subject to the proportionate responsibility provisions of Chapter 33 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of the Plaintiff and responsible third-parties that may be joined in the suit.

9.      Pleading further, Defendants assert that the Plaintiff's recovery, if any, is barred entirely, or should be reduced by the comparative responsibility of Plaintiff, Jessica Vestal.

10.     Defendants further invoke § 41.0105 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, and request that to the extent that Plaintiff seeks recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid or incurred by or on behalf of the Plaintiff, as opposed to the amount charged.

11.     Defendants further allege their right to all prohibitions and limitations allowed by law concerning any damages awarded against it, all of which are denied, including, without limitation, those applicable to exemplary damages, if any, as provided by Chapter 41 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

12.     Defendants further allege that, pursuant to Section 18.091 of the TEXAS
CIVIL PRACTICE AND REMEDIES CODE, and all other limitations allowed under law, that
Plaintiff's claims for recovery of past loss of earnings and future loss of earning capacity,
if any, must be limited to recovery of net loss after reduction for income tax payments, or
unpaid tax liability, pursuant to Federal Income Tax law.

13.     Pleading further, and in the alternative, if such is necessary, and subject to
the foregoing pleas and without waiving same, Defendants assert that any particular
judgment that might be recovered by Plaintiff must be reduced by those amounts that
have been indemnified, or will be in the future, with reasonable certainty, indemnify
Plaintiff in whole or in part for any past or future claimed economic loss from any source.

14.     Pleading further, Defendants assert that pre-judgment interest, if any, as
requested in pleadings by Plaintiff is limited in accordance with § 304.104 *et seq.* of the
TEXAS FINANCE CODE.

# III.
# PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendants pray that upon the
final trial hereof the Plaintiff take nothing against Defendants. Further, Defendants ask
the Court to enter Judgment that Plaintiff take nothing, dismiss Plaintiff's suit with
prejudice, assess costs against Plaintiff, and award Defendants all other relief to which
they are entitled.  Further, Defendants pray as alleged hereinabove, that in the unlikely
event of any recovery by Plaintiff against Defendants herein, which is denied, Defendants
be allowed full benefit of all laws of Texas limiting damages as well any prohibitions

and/or limitations allowed under the Texas Constitution in the event Plaintiff seeks exemplary damages.

Further, Defendants pray that depending upon the evidence adduced at trial that if Defendants are determined to be responsible to Plaintiff, which is denied, that they be awarded a credit for the total sum of all dollar amounts of settlements received by and/or agreed to be paid to Plaintiff as result of the occurrence(s). Further, Defendants pray that the percentages of responsibility of Plaintiff, each Defendant, each settling person, and each Responsible Third-Party should, depending upon the evidence adduced at trial, be submitted to the jury for determination.

Defendants also pray for such other and further relief to which they may be justly is entitled at law and in equity.

Respectfully submitted,

THE BASSETT FIRM

MIKE H. BASSETT
SBN: 01890500
SADIE A. HORNER
SBN: 24083201
Two Turtle Creek Village
3838 Oak Lawn Avenue, Suite 1300
Dallas, Texas 75219
(214) 219-9900 Telephone
(214) 219-9456 Facsimile
efile@thebassettfirm.com

**ATTORNEYS FOR DEFENDANTS,
ORGILL TRANSPORTATION CO.,
LLC and ORGILL, INC.**

## CERTIFICATE OF SERVICE

I certify that a true copy of this document was forwarded to the following counsel of record, in accordance with the Texas Rules of Civil Procedure, on this _____ day of December, 2016.

*Via eServe:*
Mr. Brent Goudarzi
Mr. Marty Young
Goudarzi & Young, L.L.P.
P.O. Drawer 910
Gilmer, Texas 75644

_____
**MIKE H. BASSETT**

**Jennifer Graig**

| | |
|---|---|
| **From:** | efile |
| **Sent:** | Monday, December 19, 2016 3:16 PM |
| **To:** | Jennifer Graig |
| **Subject:** | FW: 12.19.16 - Vestal v. Orgill -Notification of Service for Case 14359977 |

**From:** No-Reply@eFileTexas.gov [mailto:No-Reply@eFileTexas.gov]
**Sent:** Monday, December 19, 2016 3:06 PM
**To:** efile
**Subject:** Notification of Service for Case: 16-1296, for filing Answer/Response, Envelope Number: 14359977



# Notification of Service

Case Number: 16-1296
Case Style:
Envelope Number: 14359977

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | 16-1296 |
| **Case Style** | |
| **Date/Time Submitted** | 12/19/2016 3:04:55 PM CST |
| **Filing Type** | Answer/Response |
| **Filing Description** | Defendants, Orgill Transportation Co., LLC and Orgill, Inc.'s, Original Answer |
| **Filed By** | M. Jennifer Graig |
| **Service Contacts** | Other Service Contacts not associated with a party on the case: <br><br> The Firm (efile@thebassettfirm.com) <br><br> Brent Goudarzi (goudarziyoung@goudarzi-young.com) |

| Document Details | |
|---|---|
| **Served Document** | Download Document |
| | This link is active for 15 days. |

1

 CT Corporation

**Service of Process Transmittal**
12/01/2016
CT Log Number 530271686

**TO:**   Eric Divelbiss
Orgill, Inc.
3742 Tyndale Dr
Memphis, TN 38125-8500

**RE:**   **Process Served in Texas**

**FOR:**   ORGILL, INC.  (Domestic State: TN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JESSICA VESTAL, Pltf. vs. ORGILL TRANSPORTATION CO., LLC, et al., Dfts. // To: ORGILL, INC. |
| **DOCUMENT(S) SERVED:** | Citation(s), Original Petition |
| **COURT/AGENCY:** | 71st Judicial District Court Harrison County, TX<br>Case # 161296 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - December 15, 2014 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/01/2016 postmarked on 11/28/2016 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition |
| **ATTORNEY(S) / SENDER(S):** | Brent Goudarzi<br>Goudarzi & Young, L.L.P.<br>P.O. Drawer 910<br>Gilmer, TX 75644<br>903-843-2544 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/01/2016, Expected Purge Date: 12/06/2016 |
| | Image SOP |
| | Email Notification,  Eric Divelbiss  edivelbiss@orgill.com |
| | Email Notification,  Erica Wilhite  ericaw@orgill.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*Sherry Griffis*

District Court Clerk

Harrison County Court House
200 W. Houston St., Ste. 234
Marshall, Texas 75670



**CERTIFIED MAIL**

7014 1820 0002 0393 ????

U.S. POSTAGE >> PITNEY BOWES

ZIP 75670  **$ 006.67⁵**
02  1Y1
0001377675 NOV 28 2016

ORGILL INC.
C/O REGISTERED AGEN
CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS, TEXAS 75201-3136

75201-428499



ORIGINAL

**CAUSE NO: 16-1296**

IN THE 71ST JUDICIAL DISTRICT COURT
OF HARRISON COUNTY, TEXAS

**JESSICA VESTAL**

**VS**

**ORGILL TRANSPORTATION CO., LLC
ORGILL, INC. AND CHARLES JOHNSON**

## CITATION

TO: <u>THE SHERIFF OR ANY CONSTABLE OF TEXAS</u>      **THE STATE OF TEXAS**
    OR ANY OTHER AUTHORIZED PERSON      **COUNTY OF HARRISON**

    ORGILL INC.
    C/O REGISTERED AGENT
    CT CORPORATION SYSTEM
    1999 BRYAN STREET, SUITE 900
    DALLAS, TEXAS 75201-3136
    OR WHEREVER HE/SHE MAY BE FOUND

Attached is a copy of **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE.** This instrument was filed on the **23RD day November, 2016,** in the above cited cause number and court. The instrument attached describes the claim against you.

    You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.
TO OFFICER SERVING.

    This citation is issued on this **23RD of November 2016,** under my hand and seal of said Court.

SEAL

Sherry Griffis
Harrison County, Texas
Harrison County Courthouse
200 W. Houston St., Suite 234
Marshall, Texas 75670

BY _____

Issued at the request of
**BRENT GOUDARZI
P.O. DRAWER 910
GILMER, TEXAS 75644
STATE BAR #00798218**

### OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.m., on the _____ day of _____, 20__.
Executed at _____ in _____ County at ____ o'clock ___.m.
on the _____ day of _____, 20__, by delivering to _____
defendant, in person, a true copy of this citation together with the accompanying copy of the petition attached thereto and I endorsed on said copy of the citation the date of delivery
To certify which I affix my hand officially this _____ day of _____, 20__.
    Fee $____

                       _____ of _____ County, Texas
_____      by_____deputy
    Affiant

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME ON _____, 20__.



**CAUSE NO: 16-1296**

IN THE 71ST JUDICIAL DISTRICT COURT
OF HARRISON COUNTY, TEXAS

**JESSICA VESTAL**

**VS**

**ORGILL TRANSPORTATION CO., LLC**
**ORGILL, INC. AND CHARLES JOHNSON**

### CITATION

TO: <u>THE SHERIFF OR ANY CONSTABLE OF TEXAS</u>      THE STATE OF TEXAS
      OR ANY OTHER AUTHORIZED PERSON           COUNTY OF HARRISON

**ORGILL TRANSPORTATION CO., LLC**
**C/O REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET, SUIRE 900**
**DALLAS, TEXAS 75201-3136**
**OR WHEREVER HE/SHE MAY BE FOUND**

Attached is a copy of **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE.** This instrument was filed on the **23RD day November, 2016,** in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.
TO OFFICER SERVING:

This citation is issued on this **23RD** of **November 2016,** under my hand and seal of said Court.

SEAL

Sherry Griffis
Harrison County, Texas
Harrison County Courthouse
200 W. Houston St., Suite 234
Marshall, Texas 75670

BY _____

Issued at the request of
**BRENT GOUDARZI**
**P.O. DRAWER 910**
**GILMER, TEXAS 75644**
**STATE BAR #00798218**

Came to hand at _____ o'clock ___ .m.
Executed at _____ ___ .m.
on the _____ day of _____
defendant, in person, a true co                        e petition
attached thereto and I endorse
To certify which I affix my hand
      Fee $_____                                      unty, Texas
                                                     _____ deputy

_____
      Affiant
On this day, _____                       nature appears on the foregoing
return, personally appeared.  A                        ecuted by him/her in the exact
manner recited on the return.

SWORN TO AND SUBSCRIBE

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Postage   $

Certified Fee

Return Receipt Fee                    Postmark
(Endorsement Required)                Here          16-1296

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees   $

Sent To   Orgill Trans

Street & Apt. No.,
or PO Box No.

City, State, ZIP+4

PS Form 3800, July 2014          See Reverse for instructions